STEVEN W. MYHRE
Acting United States Attorney
PATRICK BURNS
Assistant United States Attorney
Nevada State Bar #: 11779
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6418
John.P.Burns@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:17-cr-00391-APG-VCF |
| vs. | **COMPLEX CASE SCHEDULE (STIPULATION)** |
| FREDRICK J. LEAVITT, and DUSTIN LEWIS, | |
| Defendants. | |

Pursuant to Local Rule 16-1, the United States, by and through the undersigned, and Defendants, by and through undersigned counsel, submit this Proposed Complex Case Schedule as follows:

1. <u>Complex Case</u>: The parties stipulate that this is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii), in that the failure to grant such a continuance of such proceeding would result in a possible miscarriage of justice and in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

a. The discovery in this matter consists of tens of thousands of pages of records and documents from numerous sources. Several federal agencies investigated this matter, and the conduct alleged in the Indictment overlaps with various other matters of investigative activity.

b. The fraud and bribery scheme alleged in the Indictment is complex because it involves the records and activity of federal and state governmental entities and financial records and data that will take significant time for the defense to review and adequately prepare for pretrial motions and trial.

c. The parties acknowledge there is a possibility for a superseding indictment to be returned alleging additional related activity.

2. Trial Date: The parties stipulate that they seek to vacate the current trial setting for this matter of February 26, 2018, and set the matter for a firm trial setting in or about November 5, 2018. The United States anticipates, at this time, it will need no more than three weeks to present its case-in-chief.

3. Excluded Time: The parties stipulate that all time from the entry of Defendants' pleas in this case until the trial of this matter is excluded under Title 18, United States Code, Section 3161(h)(7)(A) as the ends of justice outweigh the interests of the public and defendant in a speedy trial.

4. Pretrial Motions: The parties stipulate that:

a. They shall have to and including September 24, 2018 within which to file all pretrial motions (including motions in limine) and notices of defenses;

1         b.     They shall have fourteen (14) days after the filing of a pretrial motion within which to file all responsive pleadings;

        c.     They shall have seven (7) days after the filing of a responsive pleading within which to file all replies to dispositive motions.

    5.     <u>The Parties' Discovery Obligations</u>

        a.     The United States shall begin providing its Rule 16 disclosures to the defendant within thirty (30) days of arraignment and, consistent with its ongoing discovery obligations, turn over additional materials as they become available.

        b.     The Defendants' Rule 16 disclosures, including, specifically, disclosures related to expert witness testimony, shall be made no later than on or before seventy-five (75) days before the date set for trial by this Court, in order to allow for sufficient trial preparation.

        c.     The United States is not required to disclose *Jencks* material until after the government witness testifies on direct examination. 18 U.S.C. § 3500(b). Nonetheless, in the interest of efficiency, the United States will consent to disclose *Jencks* materials no later than twenty-one (21) days before trial, except: (1) with permission of the Court, for good cause shown; and (2) with the caveat that the United States' agreement to provide early-disclosed Jencks material does not create any remedy for any violation of the twenty-one (21) day disclosure deadline.

1 | WHEREFORE, the parties respectfully request that the Court enter a
2 | Scheduling Order addressing these issues and such other issues as the Court deems
3 | appropriate.

Dated this 29th day of December, 2017

                                                     STEVEN W. MYHRE
                                                   Acting United States Attorney

     /s/                                               /s/
By: _____              By:_____
   PAUL PADDA, Esq.                       PATRICK BURNS
   Counsel for Defendant LEAVITT      Assistant United States Attorney

     /s/
By: _____
   PETER CHRISTIANSEN, Esq.
   Counsel for Defendant LEWIS

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FREDRICK J. LEAVITT, and
DUSTIN LEWIS,

    Defendants.

CASE NO: 2:17-cr-00391-APG-VCF

**FINDINGS AND ORDER ESTABLISHING COMPLEX CASE SCHEDULE**

This matter coming before the Court on the parties' Proposed Complex Case Schedule, the premises therein considered, and good cause showing, the Court orders as follows:

1. Complex Case: The Court finds that this is a complex case within the meaning of that term under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (ii), in that the failure to grant such a continuance of such proceeding would result in a possible miscarriage of justice and in that the nature of the prosecution is such that it is unreasonable to expect adequate trial preparation within the time limits prescribed by the Speedy Trial Act.

    a. The discovery in this matter consists of tens of thousands of pages of records and documents from numerous sources. Several federal agencies investigated this matter, and the conduct alleged in the Indictment overlaps with various other matters of investigative activity.

1          b.    The fraud and bribery scheme alleged in the Indictment is
2 complex because it involves the records and activity of federal and state governmental
3 entities and financial records and data that will take significant time for the defense
4 to review and adequately prepare for pretrial motions and trial.
5          c.    The parties acknowledge there is a possibility for a superseding
6 indictment to be returned alleging additional related activity.
7     2.    Trial Date: The current trial setting for this matter on February 26,
8 2018 is vacated and rescheduled to  November 19, 2018 at 9:00 AM  .
9 Calendar Call is set for  November 13, 2018 at 8:45 AM  .
10    3.    Excluded Time: All time from the entry of Defendants' pleas in this case
11 until the trial of this matter is excluded under Title 18, United States Code, Section
12 3161(h)(7)(A), as the ends of justice outweigh the interests of the public and defendant
13 in a speedy trial.
14    4.    Pretrial Motions: The parties shall have:
15         a.    To and including  September 24  , 2018, within which to file
16 all pretrial motions (including motions in limine) and notices of defenses;
17         b.    To and including twenty-one (21) days after the filing of a pretrial
18 motion within which to file all responsive pleadings;
19         c.    To and including seven (7) days after the filing of a responsive
20 pleading within which to file all replies to dispositive motions.
21         d.    For matters referred to a United States Magistrate Judge for a

Report and Recommendation (R&R), the parties shall have fourteen (14) days from the entry of the R&R to file any objections thereto, and shall have seven (7) days after the filing of any objections to file a response, except as stipulated by the parties and approved by the Court.

5. The Parties' Discovery Obligations:

    a. The United States shall begin providing its Rule 16 disclosures to the defendants within thirty (30) days of arraignment and, consistent with its ongoing discovery obligations, turn over additional materials as they become available.

    b. The Defendants' Rule 16 disclosures, including disclosures related to expert witness testimony, shall be made no later than on or before seventy-five (75) days before the date set for trial by this Court, in order to allow for sufficient trial preparation.

///
///
///
///
///
///
///
///
///

c. The United States is not required to disclose Jencks material until after the government witness testifies on direct examination. 18 U.S.C. § 3500(b). Nonetheless, in the interest of efficiency, the United States will consent to disclose Jencks materials no later than twenty-one (21) days before trial, except: (1) with permission of the Court, for good cause shown; and (2) with the caveat that the United States' agreement to provide early-disclosed Jencks material does not create any remedy for any violation of the twenty-one (21) day disclosure deadline.

IT IS SO ORDERED:

_____      1-4-2018
THE HONORABLE CAM FERENBACH           Date
UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I, Patrick Burns, hereby certify that I am an employee of the United States Department of Justice, and that on this day I served a copy of the following: **PROPOSED COMPLEX CASE DESIGNATION**, upon counsel for all defendants appearing in this matter via the CM/ECF system, by electronically filing said document.

Dated: December 29, 2017

/s/ Patrick Burns
PATRICK BURNS
Assistant United States Attorney
District of Nevada