1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada State Bar No. 13644
3  DANIEL D. HOLLINGSWORTH
   Assistant United States Attorney
4  Nevada State Bar No. 1925
   501 Las Vegas Boulevard South, Suite 1100
5  Las Vegas, Nevada 89101
   (702) 388-6336
6  Daniel.Hollingsworth@usdoj.gov
   Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-391-APG-VCF |
| Plaintiff, | **United States of America's Motion for an Interlocutory Order of Sale of the Property and Order** |
| v. | |
| FREDERICK J. LEAVITT, | |
| Defendant. | |

The United States moves this Court to issue an Order for an Interlocutory Sale of the 2016 Grey Mercedes Benz CLS63 AMG S-Model, VIN WDDLJ7GB5GA159973, Nevada license plate NV5536 (2016 Mercedes Benz) listed in the Indictment (ECF No. 1) and to authorize the United States Marshals Service (USMS) to sell the property through one of its approved methods.

The grounds for granting the Order for an Interlocutory Sale of the 2016 Mercedes Benz are as follows. First, the 2016 Mercedes Benz will deteriorate pending this forfeiture action. Second, the value of the 2016 Mercedes Benz will continue to depreciate over time pending this action. Third, the storage costs and other maintenance costs of the 2016 Mercedes Benz will continue to accrue against its value pending this action. Fourth, the sooner the 2016 Mercedes Benz is sold, the more sale proceeds will exist. Fifth, this Court is authorized to approve interlocutory sales.

///

This Motion is made and is based on the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and the attached exhibit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF THE CASE

#### A. Procedural History

On December 13, 2017, the Grand Jury returned a Three-Count Criminal Indictment (Indictment) charging Frederick J. Leavitt (Leavitt) and Dustin M. Lewis (Lewis) in Count One with honest services fraud conspiracy in violation of 18 U.S.C. §§ 1343, 1346, and 1349; Lewis in Count Two with solicitation and bribery of a public official in violation of 18 U.S.C. § 201(b)(1); and Leavitt in Count Three with solicitation and receipt of a bribe by public official in violation of 18 U.S.C. § 201(b)(2) and alleged forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p) because the property was deemed to be proceeds. Criminal Indictment, ECF No. 1.

A calendar call is scheduled for June 11, 2019, and a jury trial scheduled for June 17, 2019 (ECF No. 31), based on the third request.

#### B. Statement of Facts

The Federal Bureau of Investigation (FBI) seized the property from Leavitt on February 18, 2016, and it has been in the custody and care of the FBI since then. While the property is in storage, the expenses continue to accrue against its value pending this action and it is further depreciating in value. According to the FBI, after the vehicle was seized, the appraisal of the vehicle on June 16, 2017, was $94,284. The most recent appraisal of the property is $62,900, and the expenses are $72.85. Exhibit 1, Declaration of Jeff Padayao, attached hereto and incorporated herein by reference as if fully set forth herein. This is a drop in value of $31,384 in less than two years.

### II. ARGUMENT

This Court has authority to issue an Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the

/ / /

Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (paragraphs omitted). Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive. *See Shelter Cove Marina, Ltd. v. M/Y ISABELLA*, No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (same).

    Two of the four reasons for the interlocutory sale apply in this case regarding the property: the property will deteriorate while the criminal prosecution and forfeiture processes are completed; other good cause, the value of the vehicle depreciates over time and the sooner the vehicle is sold, more sale proceeds will exist. Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7); see *United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389–90 (10th Cir.1997) (explaining the district court orders an interlocutory sale when the property is deteriorating and decaying).

    "A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supplemental Rule G(7)(b)(ii). In this case, the USMS will sell the property as "governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures." Supplemental Rule G(7)(b)(iii).

    Without the Interlocutory order of sale, the property cannot be sold until the court enters the Final Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(4) and 21 U.S.C. § 853(h). If

the government waits for the Final Order of Forfeiture, the value of the vehicle have depreciated even further and the storage costs and maintenance costs will continue to accrue.

In *United States v. Guzman*, No. 3:08-CR-23-2, 2013 WL 12228400 (M.D. Tenn. Oct. 7, 2013), the district court found and held:

> The Government has presented evidence suggesting that the value of the [property] continues to decrease with time and, as of last month, was approximately $16,500.00 less than the amount the Government had paid for storage and maintenance up to that point. Thus, the Court finds that the expense of keeping the [property] is both excessive and disproportionate to its fair market value. Given the apparent continued depreciation in value and rising cost of maintaining the [property], the Court finds an interlocutory sale is the best way to preserve its remaining value.

Id. at 2 (brackets added); United States v. Haley, No. 11–CR–0540–WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (explaining "that the Government's desire to avoid storage costs (particularly with respect to the twenty-two automobiles and the tractor trailers) and the risk of depreciation in value (particularly of the computers and other electronic items) constitute "good cause" for the interlocutory sale of the personal property …[,]" and the real property to avoid liability for accidents and to "avoid falling in arrears on the payment of applicable property taxes.").

In this case, the value of the 2016 Grey Mercedes Benz will continue to depreciate and the maintenance and storage costs will continue to rise and dilute the equity.

"The sale proceeds are substitute res subject to forfeiture in place of the property that was sold[, and] the United States must maintain them in an interest-bearing account." Supplemental Rule G(7)(b)(iv); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, 4 (S.D.N.Y. Nov. 12, 2010).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

### III. CONCLUSION

Based on the foregoing reasons, the Court should order the interlocutory sale of the 2016 Grey Mercedes Benz CLS63 AMG S-Model, VIN WDDLJ7GB5GA159973, Nevada license plate NV5536.

Dated: February 13, 2019.

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

DATED: 3/15/2019