# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | 2:17-cr-00391-APG-VCF |
| | **REPORT AND RECOMMENDATION** |
| FREDRICK J. LEAVITT, | MOTION TO DISMISS COUNT ONE OF THE INDICTMENT [ECF NO. 40] |
| Defendant. | |

Before the Court is defendant Fredrick Leavitt's motion to dismiss count one of 18 USCS §1349, the honest services fraud conspiracy charge. (ECF No. 40). Defendant's motion to dismiss count one should be denied.

## BACKGROUND

On December 13, 2017, a grand jury returned an indictment charging defendant Leavitt with offenses related to alleged bribes and kickbacks Leavitt received. (ECF No. 1). The government charges Leavitt with honest services fraud conspiracy in violation of 18 USCS § 1349, and solicitation and receipt of a bribe by a public official in violation of 18 USCS § 201(b)(2). (ECF No. 1 at 4-6). Before the Court is defendant's motion to dismiss count one only, the honest services fraud conspiracy charge. (ECF No. 40).

The government accuses defendant Leavitt in the indictment of using his official position as a public official to steer a government contract to a company owned by Dustin Lewis in exchange for bribes

and kickbacks. (ECF No. 1 at 2-4) The government alleges that Leavitt provided Lewis with inside information regarding a public power authority contract and voted to select Lewis's company for the contract. (*Id.* at 2). The government alleges that after the audit committee selected Lewis's company as the winning bidder of the contract, Lewis, through his companies, wired hundreds of thousands of dollars to Leavitt. (*Id.* at 3-4). The government alleges that Leavitt's involvement in the scheme to defraud deprived the United States and its citizens of their right to Leavitt's honest services. (*Id.* at 4-5).

Leavitt argues in his motion to dismiss that the government does not allege all the necessary elements of conspiracy to commit honest services fraud. (ECF No. 40 at 3). The government argues in its response that Leavitt asks the Court to draw factual inferences contrary to the indictment's allegations and that the indictment plainly alleges all the essential elements of conspiracy to commit honest services fraud. (ECF No. 43 at 4).

**DISCUSSION**

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may file a motion seeking to dismiss a count of the indictment for "failure to state an offense."  The court reviewing this motion evaluates the facial sufficiency of the indictment rather than evidentiary issues.  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).  For the purposes of a motion to dismiss, the allegations of the indictment must be taken as true. *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952)*; United States v. Chrysler Corp. Parts Wholesalers, Northwest Region*, 180 F.2d 557 (9th Cir. 1950). The court may not consider facts outside of the indictment's allegations. *United States v. Bohonus*, 628 F.2d 1167, 1169 n.2. (9th Cir. 1980); see also *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.")

Pursuant to 18 USCS § 1349, a person who attempts or conspires to commit wire fraud shall be subject to the same penalties as those prescribed for the offense. The elements of a wire fraud violation

are (1) the formation of or intention to devise a scheme or artifice to defraud[1] or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises and (2) transmitting or causing to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice. See 18 USCS § 1343. The requirement of specific intent is satisfied by the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension, and this intention is shown by examining the scheme itself. *United States v. Oesterblad*, No. 92-10383, No. 92-10384, 1993 U.S. App. LEXIS 30913, at 1 (9th Cir. Nov. 18, 1993).

The alleged activities in the indictment constitute a scheme to defraud. The indictment states that Leavitt entered into an agreement with Lewis to participate in a material scheme to defraud for the purposes of obtaining money and property from others and to deprive the United States and its citizens of their right to Leavitt's honest services through the payments of bribes and kickbacks to Leavitt. (ECF No. 1 at 5). The indictment alleges that Leavitt was involved in the administration and award of audit contracts as part of his official duties for the United States. (*Id.* at 2). The indictment states that Leavitt colluded with Lewis by providing him with inside information about the contract, exchanged phone calls and text messages with Lewis to discuss Lewis's company's bid, and that Leavitt used his official position to select Lewis as the top bid for the audit contract. (*Id.* at 3). The indictment alleges that interstate wires, in the form of emails and wire transfers of hundreds of thousands of dollars, were utilized to execute the scheme. (*Id.* at 2-5).

Leavitt relies on many facts that are not in the indictment to support his argument that he did not deprive the United States of his honest services, including characterizing the money he received from Lewis as consultation fees (ECF No. 40 at 5) and arguing that Lewis's consultation fees did not cloud his

---

[1] Pursuant to 18 USCS § 1346, "the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible **right of honest services**." (emphasis added).

judgment because Lewis's company submitted the lowest bid for the project. (*Id.*) Since this Court must accept the allegations in the indictment as true for the purposes of deciding this motion, the Court disregards the characterizations and factual assertions raised by the defendant that fall outside of the indictment. The indictment contains detailed descriptions of the overt acts of the conspiracy. The government has adequately alleged the facts necessary to apprise the defendant of the substantive charge of honest services fraud conspiracy by scheme to obtain money or property.

The Court should deny defendant's motion to dismiss count one of the indictment.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that defendant's motions to dismiss count one (honest services fraud conspiracy) of the indictment (ECF No. 40) should be DENIED.

DATED this 22nd day of August 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE