PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW**
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
**-and-**
THOMAS F. PITARO, ESQ. (NV Bar #1332)
Email: pitaro@gmail.com
**PITARO & FUMO**
601 Las Vegas Blvd. South,
Las Vegas, Nevada 89101
Tele: (702) 382-9221
Fax: (702) 382-9961

Attorneys for Fredrick J. Leavitt

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>FREDRICK J. LEAVITT and<br>DUSTIN M. LEWIS,<br><br>  Defendants. | Case No. 2:17-cr-0391-APG-VCF<br><br>**DEFENDANT FREDRICK J.<br>LEAVITT'S SENTENCING<br>MEMORANDUM** |

Defendant Fredrick ("Rick") J. Leavitt, by and through undersigned counsel, hereby submits this sentencing memorandum and request for a reasonable sentence.  Specifically, Mr. Leavitt requests that this Court impose a term of between 18-24 months given his voluntary plea, his complete cooperation with authorities, his significant remorse and the deterioration of his wife's health and well-being.  An 18-24 month sentence in this case would be reasonable and consistent with sentencing decisions in similar cases.

. . .

1

In support of his request for an 18-24-month sentence, Mr. Leavitt relies upon the memorandum of points and authorities below, the documents filed with the Court on March 21, 2022 (ECF No. 132) and any additional arguments the Court may permit at the time of sentencing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

Mr. Leavitt was charged on October 1, 2019 in a two-count Superseding Criminal Information with wire fraud (18 U.S.C. § 1349) and conspiracy (18 U.S.C. § 371). ECF No. 56. These charges superseded a 3-count Indictment filed earlier against him on December 13, 2017. ECF No. 1. The Superseding Criminal Information was brought two years after the Indictment because Mr. Leavitt was actively cooperating with the government. He made himself completely and totally available to the government in its effort to further various investigations.

The parties entered into a plea agreement on October 1, 2019 pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). ECF No. 58. Based upon Mr. Leavitt's valuable assistance and, as acknowledged by the government itself, the plea agreement was the result of "complex and extensive negotiations by the parties." ECF No. 74, p. 3 (lines 21-22). Per the terms of that agreement, the government committed to recommending that the Court "sentence [Mr. Leavitt] within the advisory guideline range" of a total offense level "21" which, with a criminal history category I, amounts to a sentencing range of between 37-46 months. ECF No. 58. The government also agreed to recommend that the sentences "run concurrently with one another." ECF 58, p. 13 (lines 20-21).

The plea agreement permits Mr. Leavitt to "argue for a downward variance pursuant to 18 U.S.C. § 3553." ECF No. 58, p. 13 (lines 18-19).

# ARGUMENTS

**I.   THERE IS NO STATUTORY REQUIREMENT THAT MR. LEAVITT BE SENTENCED TO A TERM OF CONFINEMENT**

The sentencing guidelines are no longer mandatory. United States v. Booker, 543 U.S. 220 (2005). As a result, federal courts "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [the statute]." 18 U.S.C. § 3553(a). Those purposes are:

(A)   To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Additional factors under § 3553 that a court must consider include:

(1)   The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   The need for the sentence imposed (see *supra*);

(3)   The kinds of sentences available;

(4)   The kinds of sentence and the sentencing ranged established for [the offense];

(5)   Any pertinent policy statement [by the Sentencing Guidelines Commission];

(6)   The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    The need to provide restitution to any victims of the offense.

Section 3553(a) provides that a district court must "make an individualized assessment based on the facts presented" in determining an appropriate sentence. A sentencing court is thus charged to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." Gall v. United States, 552 U.S. 38, 50 (2007). Therefore, courts should fashion a sentence based, in part, upon a defendant's history and characteristics, as well as the degree of remorse and acceptance of responsibility exhibited by that defendant. *See, e.g.,* United States v. Edwards, 595 F.3d 1006, 1016-17 (9th Cir. 2010) (where court affirmed a probation-only sentence for the defendant, whom the trial judge had determined was sincerely remorseful for his conduct); *see also* United States v. Husein, 478 F.3d 318, 333 (8th Cir. 2007) (court varied downward based upon family circumstances from a guideline range of 37 – 46 months for drug trafficking to home confinement and one day in jail based on family circumstances and noting that "[t]he extent of a downward departure or variance. . .should bear an inversely proportional relationship to the 'evilness of the crime, and the criminal, at issue.'"). Indeed, 18 U.S.C. § 3553(a) "does not require the goal of general deterrence be met through a period of incarceration." United States v. Edwards, 595 F.3d 1004, 1016-17 (9th Cir. 2010).

Additional statutory direction affirms the discretion of sentencing courts in imposing a fair and just sentence under the circumstances with the defendant's history and characteristics fully considered. *See* Edwards, 595 F.3d at 1015-19. Indeed, 18 U.S.C. § 3661 puts *no limitation* on the information concerning the background, character, and conduct of a person convicted of an offense. And 18 U.S.C. § 3582 provides that a sentencing court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, "shall consider the factors set forth in Section 3553(a) to the

4

extent that they are applicable, recognizing t*hat imprisonment is not an appropriate means of promoting correction and rehabilitation.*"[1] (emphasis added).

Finally, this Court should consider the unlikelihood of recidivism and lack of future danger as grounds for a reduced sentence as provided in the individualized history and characteristics of Mr. Leavitt. See Edwards, 595 F.3d at 1015-19 (district court found no purpose in incarceration and, after consideration of a 27 – 33 month guideline range, varied to probation which the Ninth Circuit upheld as reasonable and within the court's discretion); United States v. Martin, 520 F.3d 87, 93-94 (1st Cir. 2008) (the district court, applying 18 U.S.C. § 3553(a)(2)(C), varied from career offender guideline range, from a range of 235-293 months to 144 months, due to defendant's significant efforts while incarcerated, which First Circuit found to be reasonable over the government's objection); United States v. Ngatia, 477 F.3d 496, 502 (7th Cir. 2007) (court varied from 188-235 month range to 88 months because defendant demonstrated a commitment to reform with her words and action in post-arrest rehabilitative efforts).

## II. GIVEN THE PERSONAL HISTORY AND CHARACTERISTICS OF FREDRICK J. LEAVITT A GUIDELINES SENTENCE WOULD BE GREATER THAN NECESSARY TO ACCOMPLISH THE STATUTORY GOALS OF SENTENCING

The Sentencing Guidelines are discretionary and with good reason. Mandatory guidelines can result in profoundly unfair sentences. Numerous cases have established a

---

[1] Criminal Justice Reform is critical to the well-being of our Nation as many involved in criminal justice reform, including law enforcement and the courts, realize that a system of "lock 'em up" has failed in contrast to alternative measures allowing humane and smart correction for infractions and offenses. Indeed, a bi-partisan Congress passed the First Step Act of 2018, passed on December 18, 2018, to address some of the disparity and overreach of the American criminal justice system.

fundamental principal: the Court's role is to make an individualized assessment of the proper punishment. Gall v. United States, 552 U.S. 38, 50 (2007). In this case, a sentence of 41 months is far greater that necessary to serve the interests of sentencing outlined in 18 U.S.C. § 3553(a). Mr. Leavitt's genuine remorse, his personal characteristics and accomplishments, his difficult upbringing (see ECF No. 132, pp. 5-12), the humiliation he has already experienced as a convicted felon and the medical problems that have recently burdened his spouse all militate strongly in favor of a below guidelines sentence.

### A. Mr. Leavitt Is The Primary Caretaker Of His Wife Who Recently Suffered A Stroke; A Factor The Court May Consider In Imposing A Below-Guideline Sentence

Under 18 U.S.C. § 3553(a), a court may take into consideration a defendant's family ties and circumstances when determining an appropriate sentence. See United States v. Nellum, 2005 WL 300073 at *4 (N.D. Ind. Feb. 3, 2005). For example, in United States v. Bueno, 549 F.3d 1176 (8th Cir. 2008), the United States Court of Appeals for the Eighth Circuit affirmed a lower court's substantial variance from a guideline sentence based upon defendant's wife's illness as being a justifiable factor for consideration. Similarly, in United States v. Galvez-Barrios, 355 F.Supp.2d 958 (E.D. Wis. 2005), a district judge emphasized a defendant's family values – including concern about abandonment of children and the "financial difficulties" that would burden his family in his absence – in imposing a below-guidelines sentence. In United States v. Martin, the United States Court of Appeals for the First Circuit affirmed a 91-month variance based upon "the support that the defendant stood to receive from his family [and] personal qualities indicating his potential for rehabilitation."

Mr. Leavitt's family circumstances warrant a departure from the applicable guideline range. As noted in Mr. Leavitt's letter of March 20, 2022, his wife Tracey tragically

suffered a stroke and has experienced loss of motor skills and inability to drive. ECF No. 132, p. 11. This fact was recently substantiated by Tracey's treating physician. *See* ECF No. 130, p. 13 (letter from Dr. Loretta Metzger, M.D.). While Mr. Leavitt is certainly prepared to go to prison, the experience will be doubly impactful upon him given his wife's condition and helplessness. He respectfully requests the Court show mercy given his wife's condition. During his absence, she will have to care for herself with little support – physically, financially and emotionally. The separation they will experience during this time of Tracey's vulnerability has had a deep and profound emotional impact upon Mr. Leavitt. While he continues to be very remorseful for his actions, the possibility of a lengthy period of incarceration during his wife's medical problems has inflicted feelings of deep guilt that he will not be able to protect or care for his wife.

Given Mr. Leavitt's compelling family circumstances, the Court should impose a sentence of between 18-24 months.

      B. **Mr. Leavitt's History Of Public Service Justifies A Variance And A Departure From The Advisory Guideline Range**

As this Court is aware, it may consider Mr. Leavitt's long and extensive history of good deeds and public service. <u>United States v. Rita</u>, 551 U.S. 338, 365 (2007). A court may also consider a defendant's history of compassion and generosity in applying 18 U.S.C. § 3553(a).

Despite the character assassination engaged in by the government in its sentencing memorandum, the true essence of Mr. Leavitt's character, as documented by the letters of support submitted to the Court on March 21, 2022, stand in <u>stark contrast</u> to the government's attempt to portray him as a volatile and vindictive person. See ECF No. 132. Indeed, these letters show the Court that Mr. Leavitt has been an individual, despite the mistakes he made that led to this criminal case, who has lived a life of decency and helping others, despite his own

personal demons and tragic aspects of his childhood. Indeed, letter after letter reveals an individual that was willing to help others, many of whom had much less sophistication in business matters, with no expectation of anything in return ("the potential buy fell into financial collapse and we would have lost everything had it not been for Rick's honesty and concern for us").[2]

As noted in the Presentence Investigation Report ("PSR") prepared by the United States Probation Office, Mr. Leavitt spent the vast majority of his professional career as an employee of the federal government. Despite the government's attempt to inject inflammatory and irrelevant information regarding Mr. Leavitt's workplace demeanor into this Court's sentencing hearing, the PSR makes no mention of any of the irrelevant facts proffered by the government. Instead, the PSR documents Mr. Leavitt's history of public service which the Court may take into consideration.

C. **A Sentence Of Between 18-24 Months Is Warranted Given Mr. Leavitt's Own Precarious Medical Condition**

Notably, the government does not contest the PSR's finding that "[t]he defendant also suffers from degenerative disc disease, which causes him to have issues with his back, neck and spine." The PSR further notes that Mr. Leavitt underwent a "lower back fusion" in 2016 and he is currently on approximately 9 different medications. Given these facts coupled with his wife's current medical condition, a below guidelines sentence is warranted and justified in this case. As the Court is aware, a defendant's medical condition is a factor the Court may consider under 18 U.S.C. § 3553(a).

. . .

---

[2] ECF No. 132, p. 31.

### III. A GUIDELINES SENTENCE IN THIS CASE WILL NOT ADVANCE THE GOALS OF DETERRENCE OR PROTECTING THE PUBLIC

As noted in United States v. Carty, 520 F.3d 984 (9th Cir. 2008), a district court must not assume a sentencing guideline range is reasonable. Instead, the guidelines are merely one factor that cannot be given more weight than other factors. Id. Thus, in imposing a sentence, a district court must make an individualized determination based on the facts unique to the case. Id.

As noted in his letter to the Court, Mr. Leavitt is deeply ashamed and remorseful for his actions. The question before the Court, therefore, is whether adding an additional 20-months of incarceration beyond what is being requested herein will promote deterrence. It will not. People who are motivated to commit crimes do so for a variety of reasons and are rarely deterred by sentencing decisions. If deterrence based upon sentencing worked, there would be no more crime. Of course, that's not the case and therefore this Court must determine what is fair based upon the totality of circumstances relevant to Mr. Leavitt.

Mr. Leavitt will have to live a with felony conviction on his record for the rest of his life. Given his professional background, this is a fact that has brought great shame to him and which will carry a stigma for the duration of his lifetime. Punishing Mr. Leavitt with additional jail time beyond what is requested herein will neither advance the goal of deterrence or protect the public. On this last point, it is worth noting that Mr. Leavitt has no meaningful criminal record prior to this case. This case was an aberration in an otherwise honorable life. As the letters before the Court document, Mr. Leavitt was a person dedicated to his community, his church and did his best to help others without seeking anything in return.

The Court should impose a sentence of between 18-24 months.

. . .

. . .

IV. **A NON-GUIDELINE SENTENCE IN THIS CASE OF 18-24 MONTHS WOULD BE CONSISTENT WITH OTHER SENTENCING DECISIONS IN THIS JUDICIAL DISTRICT**

The government has presented the Court with a number of cases from outside this judicial district in which defendants in white-collar cases were sentenced to significant jail time. The fact that the government did not cite one case from Nevada is noteworthy. This Court should ensure that Mr. Leavitt's sentence, consistent with his compelling personal circumstances, is in line with other cases. Below is a reference point of Nevada cases for the Court's consideration:

1. **United States v. Fujinaga, et. al.**, 2:15-cr-0198-GMN-NKK. Defendants Junzo Suzuki and his son Paul Suzuki were accused of operating a $1.5 billion "Ponzi" scheme with 10,000 individual victims. Each defendant sentenced to 5-years incarceration. The case also involves claims for $141 million in restitution.

2. **United States v. Delmar Hardy**, 3:16-cr-0006-MMD-VPC. Defendant was a lawyer accused of tax fraud and failing to report income on $400,000 in cash income. Defendants sentenced to 25-months incarceration.

3. **United States v. Martha Williams**, 2:18-cr-0094-LRH-DJA. Defendant, a tax preparer, accused of filing 750 false tax returns causing significant financial loss to the Internal Revenue Service. Sentenced to 24-months.

4. **United States v. Graciela Alvarez**, 2:21-cr-0118-JAD-BNW. Defendant, with a net worth of approximately $10 million, engaged in tax fraud depriving the Internal Revenue Service of hundred of thousands of dollars. Sentenced to 3-years probation.

5. **United States v. Jalen Henry**, 2:19-cr-0113-JCM-BNW. Defendant accused of receiving and pocketing an illegal $1.4 million tax refund based upon a fraudulent scheme. Defendant arrested on or about May 8, 2019. Defendant released from custody on May 22, 2019. Defendant sentenced to time served and 3-years probation.

6. **United States v. Andrea Burrow**, 2:19—cr-0295-GMN-NJK. Defendant responsible for fraudulent scheme that bilked elderly persons out of $9 million. Sentenced to 36 months.

7. **United States v. Anita Santa Ana**, 2:21-cr-0035-JAD-DJA. Defendant prepared fraudulent tax returns causing loss to Internal Revenue Service of $3 million. Sentenced to 12 months and 1 day.

8. **United States v. Kelvin Atkinson**, 2:19-cr-0055-JCM-CWH. Defendant, the Majority Leader of the Nevada State Senate, sentenced to 27-months for misusing $250,000 for personal expenses. According to the United States Attorney, the court determined the term of imprisonment was "just and appropriate."

9. **United States v. Camilo Primero, et. al.**, 2:17-cr-0205-APG-EJJ. Defendants plead guilty to committing health care fraud and money laundering resulting in $7.1 in fraudulently obtained money from Medicare program. Each defendant sentenced to 33 months.

10. **United States v. Maria Jesus Luciano**, 2:17-cr-0143-APG-PAL. Defendant plead guilty to perpetrating $1.3 million mail fraud scheme. Sentenced to 27-months.

11. **United States v. Nelson Mukuna**, 2:18-cr-0161-RFB-PAL. Defendant, a pharmacist, perpetrated an elaborate health care fraud scheme resulting in a $3.7 million restitution order from the court. Defendant sentenced to 14-months.

12. **United States v. Maynard Martin Richards**, 2:06-cr-0100-RJC-RJJ. Defendant accused of public corruption bribery scheme. Government characterizes scheme as one that strikes at the "heart of good government." ECF No. 72. Defendant sentenced to 5 years probation. No jail time.

All of these cases demonstrate that a sentence in this case of 18-24 months would not be out of line with sentences handed down in similar cases.

. . .

. . .

11

## CONCLUSION

Mr. Leavitt is a man who has lost nearly everything. He lost his career, his reputation, and his respect in the community. Recently, he even almost lost his wife. Given what he has lost and almost lost, he has gained a significant appreciation for what is truly important in this life. He now comes before the Court accepting full responsibility for his actions and understands that he stands before the Court based upon his own actions and poor judgment. He respects the Court and is prepared to face judgment. However, he pleads for a measure of mercy given all that he has experienced. If he could turn back the hands of time, he would undoubtedly make different decisions and exercise better judgment. Having said that, he will dedicate the rest of his life to doing what's right and making amends.

This Court wields awesome power. Mr. Leavitt and his counsel respectfully request the Court show mercy and provide Mr. Leavitt the opportunity for redemption.

Respectfully submitted,

/s/ *Thomas F. Pitaro*
/s/ *Paul S. Padda*

Thomas F. Pitaro, Esq.
Paul S. Padda, Esq.

Counsel for Fredrick J. Leavitt

Dated: April 8, 2022

CERTIFICATE OF SERVICE

    Pursuant to both the Federal Rules of Criminal Procedure and the Court's Local Rules, the undersigned hereby certifies that on this day, April 8, 2022, a copy of the foregoing document was served upon all registered parties and their counsel through the Court's electronic filing system (CM/ECF).

/s/ *Paul S. Padda*

_____
Paul S. Padda, Esq.